IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON CONTRERAS, | § | |
| | § | |
| *Petitioner,* | § | 5:25-CV-00774-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| CPS ENERGY, | § | |
| | § | |
| *Respondent.* | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Petitioner Jason Contreras' Application to Proceed in District Court Without Prepaying Fees or Costs and attached proposed Petition for Writ of Mandamus. *See* Dkt. No. 1. This case was automatically referred to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas.

Having considered the Application and documentation provided by Petitioner Contreras, the Court **GRANTS** the request to proceed *in forma pauperis* ("IFP"), Dkt. No. 1. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Petitioner's Petition for Writ of Mandamus should be **DISMISSED WITH PREJUDICE** as frivolous.

**IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] The Court, however, may waive the initial filing fee and costs where a petitioner submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).

Though Petitioner Contreras utilizes a Texas state court "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond in Justice Court," *see* Dkt. No. 1, such statement provides sufficient information for the Court to examine Petitioner's financial condition and is appropriately filed under penalty of perjury. The Court construes Petitioner's Statement as an application to proceed *in forma pauperis.*

The present Application indicates under penalty of perjury that Petitioner Contreras is unemployed and has no monthly income sources. Petitioner indicates he has no savings and

---

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

owns no property, stating, "Anything registered belongs to the state[,] I own nothing." Dkt. No. 1 at 2. Petitioner professes to have some source of income but failed to identify it in the Application or state the amount received per month. *See id.* ("Legal Def [sic] of Income is derived from stocks[,] bonds[,] div [sic][.] I make Remuneration[.]"). Nevertheless, the Court concludes Petitioner Contreras has sufficiently shown that imposition of the full filing fee would cause undue financial hardship.

Accordingly, **IT IS ORDERED** that Petitioner Contreras' application to proceed without prepaying court fees or costs, Dkt. No. 1, is **GRANTED**.

**Section 1915(e) Analysis**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *See Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. 2013).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), courts apply the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

Petitioner's Petition for Writ of Mandamus, Dkt. No. 1-2, is brought against CPS Energy. Petitioner cites the "Fair Credit Billing Act" (15 U.S.C. § 1666 & 12 C.F.R. § 1026.13) and "Sherman Antitrust Act" (15 U.S.C. §§ 1 & 2) as the bases for his Writ. Petition at 3-5. Petitioner's Petition includes a "cover" letter addressed to CPS Energy and seeking to correct his account status. *Id.* at 1. Petitioner indicates CPS Energy has "failed to accept or process [his] Revocable Living Trust," "denied [him] the right to equitable title management of the account," "refused to provide CPS policy manual or internal justification for rejecting trust-based instruments," and "coerced payment in fiat currency, while monetizing bonds, performance instruments, and statements of account behind the scenes." *Id.* at 1-2. Petitioner declares that "failure to lawfully respond and provide all documentation within 21 calendar days will constitute full admission and trigger civil penalties, public default, and reporting to federal and state oversight bodies." *Id.* at 2. Petitioner further demands CPS Energy "cease and desist all billing and collection efforts during this resolution period, as required by federal law." Petitioner purports to be acting in his capacity as "the duly appointed Trustee of the Jason Contreras Revocable Living Trust." *Id.* at 4.

Petitioner's claim under the Fair Credit Billing Act alleges "improper classification and denial of trust tender instruments," "charges applied without proper reconciliation of trust and equity status," "misrepresentation of charges and refusal to account for underlying credit and monetization of securities," and "demand for cash-only payment, while bond instruments and dividends are issued behind the scenes." *Id.* Petitioner's Sherman Act claim alleges, "CPS

Energy's behavior constitutes restraint of trade and monopolistic conduct under federal law," "CPS unreasonably restrains trade by denying lawful trust-based and private equity instruments, mandating fiat-only payments, and excluding alternate lawful settlement options," and "CPS abuses its monopoly power by coercively demanding payment in only one form while simultaneously benefiting from securitized payments and dividend-bearing instruments." *Id.* at 5. The petition also includes references to Uniform Commercial Code ("U.C.C") § 1-308.

Petitioner fails to plausibly allege a cause of action under the Fair Credit Billing Act ("FCBA"). The FCBA protects consumers from certain practices by consumer credit companies. *See* 15 U.S.C. § 1666. Petitioner brings this action against his energy company and, although he makes passing references to billing errors, his petition plainly disputes CPS Energy's refusal to accept his preferred form of payment. The Court is at a loss for what provision of the FCBA could provide a legal basis for Petitioner's garbled claims, and, therefore, Petitioner fails to plausibly allege a claim for relief under the statute. *See Rhodes v. Whole Foods Market, Inc.*, Civ. A. No. SA-07-CV-0641 FB (NN), 2007 WL 3256236, at *2 (W.D. Tex. Nov. 5, 2007) (finding that without a legal basis for a FCBA claim, no basis exists for recovery of damages under the statute).

Petitioner additionally fails to plausibly allege a cause of action under the Sherman Act. Individuals may bring a private action under the Sherman Act if they have been "injured in [their] business or property by reason of anything forbidden in the antitrust laws[.]" 15 U.S.C. § 15(a). Petitioner specifically cites sections 1 & 2 of the Sherman Act, which prohibit, respectively, contracts or conspiracies in restraint of trade or commerce and monopolies or conspiracies to monopolize trade or commerce. *See* 15 U.S.C. §§ 1 & 2. "The elements required to state a section 1 claim are: (1) the existence of a conspiracy (2) affecting interstate commerce

(3) that imposes an unreasonable restraint on trade." *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 469 (5th Cir. 1992). A section 2 claim "has two elements: (1) possession of monopoly power in the relevant market, and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of superior product, business acumen, or historic accident." *Id.* at 470. The petition includes scant allegations on these Sherman Act claims—all can either be categorized as legal conclusions or strain credulity and therefore fall far short of a plausible claim.

Moreover, Petitioner's Petition is rife with hallmarks of a "sovereign citizen" who "base[s] [his] belief on the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses" and "often attempt[s] to use these beliefs to avoid paying taxes, extinguish debts, and derail criminal proceedings." *Burleson v. U.S.*, C.A. No. 6:22-CV-00660-ADA-JCM, 2022 WL 17732434, at *1 (W.D. Tex. Aug. 25, 2022) (internal citations removed). Similar cases have been found "frivolous and entirely without merit." *See Watson v. Tex. State Univ.*, 829 Fed. App'x 686 (5th Cir. 2020) (per curiam); *Jennings v. U.S.*, PE-24-CV-00046-DC-DF, 2025 WL 1921786, at *2 (W.D. Tex. June 24, 2025) (collecting a sample of cases finding sovereign citizen claims legally frivolous), *report and recommendation adopted*, No. PE-24-CV-00046-DC, 2025 WL 1921437 (W.D. Tex. July 11, 2025). Although every petition bearing hallmarks of a sovereign citizen is not necessarily frivolous, this case, as pleaded, is frivolous and without merit, as well as an unjustifiable drain on precious judicial resources.

An opportunity to amend the petition would be futile. Nothing in the petition indicates Petitioner has a salvageable claim based on anything other than the legally frivolous theories he invokes. *See Gooden-El v. Tarrant County, Tex.*, Civ. A. No. 4:20-cv-116-O, 2021 WL 793758,

at *3 (N.D. Tex. Mar. 2, 2021). To reiterate, the foundation of the petition is CPS's alleged refusal to accept Petitioner's nontraditional form of payment. Petitioner's Petition for Writ of Mandamus should therefore be dismissed with prejudice as frivolous. *See Neitzke*, 490 U.S. at 325.

**Conclusion and Recommendation**

**IT IS ORDERED** that Petitioner Contreras' IFP Application, Dkt. No. 1, is **GRANTED**. The Clerk of Court shall file Petitioner Contreras' proposed Petition for Writ of Mandamus, Dkt. No. 1-2, without prepayment of fees, costs, or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Petitioner.

Further, it is recommended that Petitioner's Petition for Writ of Mandamus be **DISMISSED WITH PREJUDICE** as frivolous.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the

objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 2nd day of September, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE